IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KRAAN INVESTMENTS (USA) LLC and
KRAAN MEMPHIS LLC,

        Plaintiffs,

v.

SEAN TARPENNING,

        Defendant.

Case No. 20-2538-DDC-TJJ

## MEMORANDUM AND ORDER

Plaintiffs Kraan Investments (USA) LLC and Kraan Memphis LLC filed a "Motion to Reconsider Order Denying Plaintiffs' Motion for Summary Judgment" (Doc. 45). The court denies the motion. The court explains this ruling, below.

Plaintiffs' Motion to Reconsider invokes D. Kan. Rule 7.3(b). "A motion to reconsider must be based on: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice." D. Kan. Rule 7.3(b). In a motion to reconsider, it is not appropriate to revisit issues already addressed or to advance arguments that the party could have raised in prior briefing. *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (addressing motion under Rule 59(b)). Plaintiffs invoke the third prong—they argue the court should reconsider its summary judgment Order to correct clear error or prevent manifest injustice. Doc. 45 at 2.

*First,* plaintiffs argue—for the first time—that when plaintiffs filed a proof of claim with the bankruptcy court, they "made demand upon USREEB by way of the only legal avenue available to them[.]" *Id.* This is a new argument; plaintiffs' Motion for Summary Judgment

(Doc. 7), Memorandum in Support (Doc. 8), and Reply briefing (Doc. 18) do not argue that the "filing of a proof of claim is the equivalent of making a written demand for payment upon the debtor."[1]  Doc. 45 at 3.  Plaintiffs could have raised this in prior briefing, so the court isn't obliged to consider this unused argument.  *Servants of the Paraclete*, 204 F.3d at 1012.

*Second*, plaintiffs argue the court committed clear error in its discussion of the Loan Agreements' provisions.  The Loan Agreements don't provide that a bankruptcy filing would automatically trigger USREEB's default.  Instead, the Loan Agreements provide that a bankruptcy filing doesn't change defendant's liability.  Doc. 43 at 22–23.  Plaintiffs argue that, had they included a contractual provision automatically triggering default upon USREEB's filing of bankruptcy, 11 U.S.C. § 365(e)(1)(B) would have rendered such a provision unenforceable.  Doc. 45 at 4.  Plaintiffs' argument simply misapprehends the court's reasoning.  The court didn't deny summary judgment because plaintiffs had failed to include a specific, potentially unenforceable contractual provision.  To the contrary, the court concluded that the Loan Agreements themselves can't support a finding that defendant is liable as a matter of law.  Doc. 43 at 23.  The court finds no clear error here.

*Third*, plaintiffs take issue with the court's useless act analysis.  But plaintiffs already made their useless act argument,[2] and the cases are clear.  The court need not "revisit issues already addressed[.]"  *Servants of the Paraclete*, 204 F.3d at 1012.  Plaintiffs can't file a motion

---

[1] It is telling that the authority plaintiffs cite to support this argument in their Motion to Reconsider—*In re Mazzoni*, 318 B.R. 576 (Bankr. D. Kan. 2004) and *In re Today's Destiny, Inc.*, 388 B.R. 737 (Bankr. S.D. Tex. 2008)—do not appear anywhere in plaintiffs' summary judgment briefing.  *See* Doc. 8; Doc. 18.

[2] One of plaintiffs' arguments centers on the court's analysis of *Home Trust Co. v. Josephson*, 95 S.W.2d 1148 (Mo. 1936) (en banc).  Plaintiffs misplace their reliance on *Josephson* because, as the court pointed out in its Order, *Josephson* occupied an entirely different procedural posture.  *See* Doc. 43 at 25.  Again, the court finds no clear error here.

for reconsideration just to ask for a second bite at the same apple. *See Skepnek v. Roper & Twardowsky, LLC*, No. 11-4102-KHV, 2012 WL 5907461, at *1 (D. Kan. Nov. 26, 2012) ("A motion to reconsider is not a second opportunity for the losing party to make its strongest case, to rehash arguments or to dress up arguments that previously failed." (citation omitted)).

In sum, plaintiffs have not shown a "need to correct clear error or prevent manifest injustice." D. Kan. Rule 7.3(b). The court denies their Motion to Reconsider (Doc. 45).

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiffs' "Motion to Reconsider Order Denying Plaintiffs' Motion for Summary Judgment" (Doc. 45) is denied.

**IT IS SO ORDERED.**

**Dated this 4th day of January, 2022, at Kansas City, Kansas.**

s/ Daniel D. Crabtree
**Daniel D. Crabtree**
**United States District Judge**