IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **KRAAN INVESTMENTS (USA) LLC,**<br>**KRAAN MEMPHIS LLC,**<br><br>          **Plaintiffs,**<br><br>v.<br><br>**SEAN TARPENNING,**<br><br>          **Defendant.** | Case No. 20-2538-DDC |

## MEMORANDUM AND ORDER

Plaintiffs have filed a motion (Doc. 55) invoking Rule 43(a) of the Federal Rules of Civil Procedure. In short form, it asks "permission [for Jacob Kraan, the executive manager for both plaintiffs] to attend the trial and offer testimony by way of contemporaneous transmission from his home or office in Australia" by Zoom video or similar technology. Doc. 55 at 2. The motion explains that traveling to the Kansas City, Kansas trial would consume 26 hours—each way—and cost about $2,500. Defendant opposes the motion, arguing that plaintiff hasn't established the good cause required by Rule 43(a). *See* Doc. 59 at 1. While efficiency and common courtesy support plaintiffs' request, defendant's argument about the governing law is right. The court thus denies the motion.

Rule 43 generally requires that "witnesses' testimony must be taken in open court[.]" Fed. R. Civ. P. 43(a). But, Rule 43 also "provides that testimony by contemporaneous transmission (by telephone or videoconference, for instance) may be taken in open court '[f]or good cause in compelling circumstances and with appropriate safeguards.'" *Eller v. Trans Union, LLC*, 739 F.3d 467, 477 (10th Cir. 2013) (quoting Fed. R. Civ. P. 43(a)).

Mere inconvenience will not satisfy this good cause standard.  *Gil-Leyva v. Leslie*, 780 F. App'x 580, 587 (10th Cir. 2019).  Generally, Rule 43(a) applies when "a witness cannot appear in person 'for unexpected reasons, such as accident or illness[.]'"  *Id.* (quoting Fed. R. Civ. P. 43(a) advisory committee's note to 1996 amendment).  In contrast, other reasons "'must be approached cautiously.'"  *Id.* (quoting Fed. R. Civ. P. 43(a) advisory committee's note to 1996 amendment).  And, a party "who could reasonably foresee the circumstances offered to justify transmission of testimony will have special difficulty in showing good cause and the compelling nature of the circumstances."  Fed. R. Civ. P. 43(a) advisory committee's note to 1996 amendment.

As plaintiffs correctly note that case authority assigns this decision to a district court's discretion.  *See* Doc. 55 at 3 (citing *Eller*, 739 F.3d at 467).  But this discretion doesn't mean trial courts are free to do whatever they want.

As the Circuit has emphasized, plaintiffs' motion requires them to establish "good cause in compelling circumstances" to deserve the permission they seek.  Fed. R. Civ. P. 43(a); *see also e.g.*, *Gil-Leyva,* 780 F. App'x. at 587.  The Tenth Circuit has quoted the Advisory Committee Notes to Rule 43(a) approvingly, noting that "the rule is intended to permit remote testimony when a witness's inability to attend trial is the result of 'unexpected reasons, such as accident or illness' and not when it is merely 'inconvenient for the witness to attend the trial.'"  *Eller*, 739 F.3d at 478.  Defendant argues that plaintiffs' motion falls short of this standard.  He's right.

The trial in this action will occur in our Kansas City, Kansas courthouse, where it always was scheduled.  Mr. Kraan apparently resides outside Melbourne, where he has lived throughout this action.  Happily, it seems, no accident or illness has changed his wherewithal to travel to the

trial.  And plaintiffs identify no condition that would endanger Mr. Kraan or render it uncomfortable for him if he appeared in one of our courtrooms.  *See Eller*, 739 F.3d at 478 (first citing *Parkhurst v. Belt*, 567 F.3d 995, 997, 1002–03 (8th Cir. 2009) (affirming use of remote, instantaneous transmission of testimony of child sex abuse victim); then citing *Jennings v. Bradley*, 419 F. App'x 594, 598 (6th Cir. 2011) (affirming use of remote testimony of witnesses that presented security threats)).  To be certain, traveling to Kansas City, Kansas will impose inconvenience on Mr. Kraan.  But the law is the law, and it provides that mere inconvenience can't carry the day.

In sum, plaintiffs haven't shouldered their burden for invoking the exception to Rule 43's general rule that "the witnesses' testimony must be taken in open court[.]"  Fed. R. Civ. P. 43(a).  The court thus denies their motion.[1]

**IT IS THEREFORE ORDERED** that the court denies plaintiffs' Motion to Permit Testimony in Open Court by Contemporaneous Transmission from a Different Location (Doc. 55).

**IT IS SO ORDERED.**

**Dated this 22nd day of March, 2022, at Kansas City, Kansas.**

> s/ Daniel D. Crabtree
> **Daniel D. Crabtree**
> **United States District Judge**

---

[1] Though the court denies plaintiffs' motion, it finds defendant's position on this motion curious and somewhat unsettling.  There are dozens of good reasons for parties—even when they have a substantive legal dispute with one another—to cooperate on matters affecting a trial's efficiencies.  Here, defendant apparently has decided that he will gain something valuable from refusing his cooperation on Mr. Kraan's testimony.  This is something of a theme.  *See* Doc. 44 (opposing plaintiff's motion to substitute when plaintiff sought to substitute a signed, dated affidavit for one inadvertently filed without a signature or date).  Only time will tell whether defendant's right about his implicit conclusion.